WRIGHT, J.,
delivered the opinion of the Court.
The complainants are the accommodation securities and endorsers of one Tyree Oldham, and as such filed this bill in the Chancery Court at Winchester, on the 24th of November, 1857, under the 8th section of the act of 1836, ch. 43, to attach his estate. The cause stated for the attachment is, that said Oldham was about to remove his property beyond the limits of this State. The attachment issued on the same day the bill was filed, and was immediately levied on certain slaves and other effects of the defendant, about which there is no controversy; but as to the slave, Nancy, it was not levied until fifty minutes past 8 o’clock, A. M., of the next day.
In the meantime, while the attorneys of the complainants were drafting the attachment bill on the evening of the day it was filed, the defendant, William G. Brooks, with whom Oldham boarded, went to their office, and ascertaining the fact that a bill was to be filed, caused Oldham, on that same night, to execute for his benefit and the benefit of certain other persons, a deed of trust, in which the slave Nancy was embraced, and had the same registered at fifteen minutes past twelve o’clock on the morning of the 25th of November, 1857, before the levy upon the slave Nancy ; but the deed was taken and registered after the filing of the bill and the issuance of the attachment, and is dated on the 25th of the month.
Upon these facts, the Chancellor held the deed of trust inoperative and void as against the complainants, the attaching creditors. In this opinion we concur. The 9th section of the act above mentioned provides that any transfer, sale, assignment, &c., made by any non-resident or absconding debtor, after the filing the bill, shall, as against the complainant or complainants, be inoperative and void. It is not denied that if this were the case of a non-resident or absconding debtor, the decree of the Chancellor would he right. But. it is said *394 that inasmuch as the case is that of a debtor who is about to remove his property beyond the limits of the State, the section can have no application. We do not assent to this reasoning. The 8th section of the act giving the remedy to an accommodation security or endorser, where the principal is about to remove, or is removing, or absconding and carrying oif his property beyond the limits of the State, expressly provides that the provisions of the act shall apply. The meaning of this is, that the accommodation endorser and security, in such cases, shall have the benefit' of the entire act, which of course includes the 9th section. It was not intended by the use of the terms non-resident or absconding debtor, to limit the operation of the 9th section of the act to the cases there enumerated, but it has a more extended meaning, and embraces the present case, as is manifest from a consideration of the whole act. The object, no doubt, was to prevent the debtor from evading the attachment, after the bill was filed and before the levy, by sales or transfers of his estate; and the policy and wisdom of the principle are equally applicable to all the cases for which an attachment is provided in the act. If the language were more doubtful — the entire act considered — we should he inclined to give it a liberal interpretation in favor of the remedy of the surety and endorser, so as fully to carry into effect what we consider the intention of the Legislature. Lester v. Cummings, 8 Hum., 388.
The 9th section of the act of 1836, is carried, with some enlargement of language, into the Code, at section 3507, which provides that any transfer, sale, or assignment, made after the filing of an attachment bill in chancery, or after the suing out of an attachment at law7, of property mentioned in the bill or attachment, as against the plaintiff, shall be inoperative and void. But this bill being filed before the Code, rests upon the act of 1836.
This makes it unnecessary to determine the question of fraud raised in the case upon the deed of trust.
Decree affirmed.